UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAFID TAHRAOUI,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANKLIN BROWN, et al.,<br><br>        Defendants. | CASE NO. C11-5901BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND REMANDING CASE |

This matter comes before the Court on Defendants Pierce County, Erin Orbits ("Orbits"), Franklin Brown ("Brown"), and Rustin Wilder's ("Wilder") ("Original Defendants") motion to dismiss (Dkt. 4); Plaintiff Hafid Tahraoui's ("Tahraoui") motion to amend complaint and extend deadline (Dkt. 10); Tahraoui's motion to accept late filing (Dkt. 11); and Tahraoui's First Amended Complaint (Dkt. 13). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part the motion to dismiss and remands the case for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 11, 2011, Tahraoui filed a civil rights complaint against the Original Defendants in the Peirce County Superior Court for the state of Washington. Dkt. 1. On November 2, 2011, the Original Defendants removed the matter to this Court. *Id.* Tahraoui alleged violations of the Fourth and Fourteenth Amendments, a civil conspiracy under 42 U.S.C. § 1985, and various violations of state law. *Id.*

On November 9, 2011, the Original Defendants filed a motion to dismiss the complaint. Dkt. 4. On November 25, 2011, Tahraoui filed a motion to amend complaint

ORDER - 1

and to extend deadline (Dkt. 10) and a motion to accept late filing (Dkt. 11). Tahraoui requested that the Court renote the motion to dismiss to January 27, 2012. *Id*. On January 25, 2012, Tahraoui filed a letter asserting that he was having problems responding to Defendants' motion due to severe weather. Dkt. 13. On February 9, 2012 Tahraoui filed a First Amended Complaint ("FAC"). Dkt. 13.

In the FAC, Tahraoui names Brown, Wilder, Paul Pastor ("Pastor"), Montgomery Minion ("Minion"), Foster, Pierce County, and Pierce County Sheriff's Office as defendants ("Defendants"). *Id*. Tahraoui alleges violations of the First, Fourth, Fifth, and Fourteenth Amendments as well as numerous state law causes of action. *Id*.

## II. FACTUAL BACKGROUND

On May 10, 2008, Tahraoui went to a Pierce County residence and purchased a trailer hitch from a person named Shelly. FAC, ¶¶ 11-12. On May 11, 2008, Tahraoui received a phone call from a person named Pate who informed Tahraoui that Pate owned the hitch, Shelly had made a mistake in selling it to Tahraoui, and Pate wanted the hitch back. *Id*. ¶ 13. Tahraoui refused to give the hitch back, and Pate called the Pierce County Sheriff's Office. *Id*. ¶ 14. Deputy Brown was dispatched to investigate Pate's allegation of theft. *Id*. Tahraoui alleges that Brown called Tahraoui and threatened to put Tahraoui in jail if he did not return the hitch. *Id*. ¶ 16.

On May 12, 2008, Tahraoui contacted the Pierce County Sheriff's Office to complain about Brown's conduct. *Id*. ¶ 20. Lieutenant Wilder returned Tahraoui's call to investigate the complaint. *Id*. ¶ 21. Tahraoui alleges that Wilder threatened to arrest Tahraoui for theft and extortion and that Wilder recommended that the Pierce County Prosecutor should file charges against Tahraoui. *Id*. ¶¶ 22–23.

On May 13, 2008, Tahraoui contacted the Piece County Executive's Office to complain about Brown and Wilder's conduct. *Id*. ¶ 24.

On May 22, 2008, Tahraoui alleges that Deputies Minion and Foster traveled to Tahraoui's work to arrest Tahraoui. *Id.* ¶ 25. Tahraoui was not at work that day, but Minion called Tahraoui to inform Tahraoui that Tahraoui had been charged with theft and would be arrested. *Id.* ¶¶ 25–26.

On March 4, 2009, Tahraoui received a criminal complaint charging him with theft. *Id.* ¶ 29. On March 13, 2009, Tahraoui was arraigned on the charge and pled not guilty. *Id.* ¶ 30. On May 5, 2009, the charges were dismissed. *Id.*

## III. DISCUSSION

As a threshold matter the Court denies Tahraoui's motion to extend deadline as moot, grants Tahraoui's motion to accept the late filing, and considers Tahraoui's FAC as his substantive response to the motion to dismiss.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, neither Tahraoui's original complaint nor his FAC contain factual allegations against Orbits or Pastor. Therefore, the Court dismisses Orbits and Pastor.

With regard to the officers, Tahraoui fails to state a violation of federal law. On a claim for retaliation, the conduct of the governmental agent or body must be sufficient "to deter a person of ordinary firmness from exercising [their] First Amendment rights."

ORDER - 3

*McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006).  In this case, Tahraoui called various county agencies to complain about officers that were investigating Tahraoui for theft.  The initial investigation occurred before Tahraoui's complaints.  The fact that Tahraoui was subsequently charged with the crime that lead to the substance of Tahraoui's complaints is not an action that would deter a person of ordinary firmness from filing complaints against police officers.  Therefore, the Court dismisses Tahraoui's First Amendment claim.

The Fourth Amendment protects an individual from unreasonable search and seizure.  *California v. Hodari D.*, 499 U.S. 621, 624 (1991).  Tahraoui was neither searched nor seized.  Therefore, the Court dismisses his Fourth Amendment claim.

Alleged abuses of power by executive officials may support a cognizable claim as a violation of substantive due process.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  A Fourteenth Amendment claim of this type is cognizable if the alleged abuse of power "shocks the conscience" and "violates the decencies of civilized conduct."  *Id.* at 846 (internal quotations omitted).  Government conduct is actionable if the conduct is "intended to injure [the plaintiff] in some way unjustifiable by any government interest . . . ."  *Id.* at 849.

In this case, Tahraoui has failed to allege any fact that shocks the conscience or violates the decencies of civilized conduct.  Moreover, the government officials' conduct of investigating crime and prosecuting charges is a justifiable interest.  Therefore, the Court dismisses Tahraoui's due process claim under the Fifth and Fourteenth Amendments.  The remainder of the motion to dismiss is denied without prejudice.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  The Court has dismissed all of Tahraoui's federal claims and lacks subject matter jurisdiction.  Therefore, this matter shall be remanded.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Original Defendants' motion to dismiss (Dkt. 4) is **GRANTED in part** and **DENIED in part**, Tahraoui's motion to amend complaint and extend deadline (Dkt. 10) is **DENIED as moot**, and Tahraoui's motion to accept late filing (Dkt. 11) is **GRANTED**. The Clerk shall remand this matter back to Pierce County Superior Court.

DATED this 13th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge