UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAFID TAHRAOUI,

        Plaintiff,

   v.

FRANKLIN BROWN, et al.,

        Defendants.

CASE NO. C11-5901BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Hafid Tahraoui's ("Tahraoui") motion for reconsideration (Dkt. 16). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 11, 2011, Tahraoui filed a civil rights complaint against the original defendants in the Pierce County Superior Court for the state of Washington. Dkt. 1. On November 2, 2011, the original defendants removed the matter to this Court. *Id.* Tahraoui alleged violations of the Fourth and Fourteenth Amendments, a civil conspiracy under 42 U.S.C. § 1985, and various violations of state law. *Id.*

On November 9, 2011, the Defendants filed a motion to dismiss the complaint. Dkt. 4. On November 25, 2011, Tahraoui filed a motion to amend complaint and to extend deadline (Dkt. 10) and a motion to accept late filing (Dkt. 11). Tahraoui requested that the Court renote the motion to dismiss to January 27, 2012. *Id.* On January 25, 2012, Tahraoui filed a letter asserting that he was having problems responding to

ORDER - 1

Defendants' motion due to severe weather. Dkt. 13. On February 9, 2012 Tahraoui filed a First Amended Complaint ("FAC"). Dkt. 13.

In the FAC, Tahraoui alleges violations of the First, Fourth, Fifth, and Fourteenth Amendments as well as numerous state law causes of action. *Id.*

On February 13, 2012, the Court granted in part and denied in part the motion to dismiss and remanded the action. Dkt. 15. On February 27, 2012, Tahraoui filed a motion for reconsideration arguing that (1) the Court erred in concluding that Tahraoui failed to state a constitutional violation and (2) he "inadvertently forgot" to add a claim for malicious prosecution under 42 U.S.C. § 1983. Dkt. 16.

## II. FACTUAL BACKGROUND

On May 10, 2008, Tahraoui went to a Pierce County residence and purchased a trailer hitch from a person named Shelly. FAC, ¶¶ 11-12. On May 11, 2008, Tahraoui received a phone call from a person named Pate who informed Tahraoui that Pate owned the hitch, Shelly had made a mistake in selling it to Tahraoui, and Pate wanted the hitch back. *Id.* ¶ 13. Tahraoui refused to give the hitch back, and Pate called the Pierce County Sheriff's Office. *Id.* ¶ 14. Deputy Brown was dispatched to investigate Pate's allegation of theft. *Id.* Tahraoui alleges that Brown called Tahraoui and threatened to put Tahraoui in jail if he did not return the hitch. *Id.* ¶ 16.

On May 12, 2008, Tahraoui contacted the Pierce County Sheriff's Office to complain about Brown's conduct. *Id.* ¶ 20. Lieutenant Wilder returned Tahraoui's call to investigate the complaint. *Id.* ¶ 21. Tahraoui alleges that Wilder threatened to arrest Tahraoui for theft and extortion and that Wilder recommended that the Pierce County Prosecutor should file charges against Tahraoui. *Id.* ¶¶ 22–23.

On May 13, 2008, Tahraoui contacted the Pierce County Executive's Office to complain about Brown and Wilder's conduct. *Id.* ¶ 24.

On May 22, 2008, Tahraoui alleges that Deputies Minion and Foster traveled to Tahraoui's work to arrest Tahraoui. *Id.* ¶ 25. Tahraoui was not at work that day, but Minion called Tahraoui to inform Tahraoui that he had been charged with theft and would be arrested. *Id.* ¶¶ 25–26.

On March 4, 2009, Tahraoui received a criminal complaint charging him with theft. *Id.* ¶ 29. On March 13, 2009, Tahraoui was arraigned on the charge and pled not guilty. *Id.* ¶ 30. On May 5, 2009, the charges were dismissed. *Id.*

### III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Tahraoui argues that the Court made manifest errors of law and that he "inadvertently forgot" to add a claim. First, the Court dismissed Tahraoui's First Amendment claim because Tahraoui failed to allege facts that "would deter a person of ordinary firmness from filing complaints against police officers." Dkt. 15 at 4. Tahraoui fails to show that this was a manifest error of law. The fact that Tahraoui was ultimately charged with theft based on an investigation of theft would not deter a person of ordinary firmness from filing complaints that, in that person's opinion, the officers were conducting a poor investigation.

Second, the Court dismissed Tahraoui's Fourth Amendment claim because Tahraoui was neither searched nor seized. Dkt. 15 at 5. Although Tahraoui claims this conclusion was erroneous, he fails to cite any binding case law for the proposition that issuance of a warrant without actual search or seizure of an individual may violate the Fourth Amendment. Tahraoui does cite dicta in a factually distinguishable, non-binding

ORDER - 3

case. Dkt. 16 at 4-5 (citing *Ord v. District of Columbia*, 587 F.3d 1136 (D.C.C. 2009)). This dicta, however, does not persuade the Court that Tahraoui has stated a viable claim or that the Court committed a manifest error of law.

Third, Tahraoui claims that the Court should grant reconsideration because he failed to include a claim for malicious prosecution under 42 U.S.C. § 1983. Dkt. 16 at 6. Tahraoui was given ample opportunity to respond to the motion to dismiss and to submit late filings. The fact that Tahraoui "inadvertently forgot" to include his claim does not meet the standard of failure to bring something to the Court's attention with reasonable diligence. Therefore, the Court denies Tahraoui's motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Tahraoui's motion for reconsideration (Dkt. 11) is **DENIED**.

DATED this 14th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge